IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:23cv1669 (AJT/JFA) |
| FELIPE RAMIREZ, | ) |
| Defendant. | ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff's motion for default judgment against Felipe Ramirez. (Docket no. 14). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

Plaintiff filed the complaint in this action on December 7, 2023. (Docket no. 1) ("Compl."). The complaint seeks a judgment against defendant in the amount of $567,585.70 as of October 30, 2023, for unpaid federal income taxes and statutory additions to tax for the 2008 tax year, plus statutory interest accruing after that date. (Compl. ¶ 10).

As shown in the return of service (Docket no. 4), defendant was served in person with the summons and complaint on December 16, 2023, in Alexandria, Virginia. In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due on January 8, 2024, twenty-one days after service of process. Defendant failed to file a responsive pleading by this date. On April 19, 2024, the District Judge entered an order instructing plaintiff to obtain an entry of default against defendant and thereafter to file a motion for default judgment, a

1

memorandum in support, and a notice of hearing. (Docket no. 6). On April 22, 2024, plaintiff filed a request for entry of default as to defendant, (Docket no. 7), which the Clerk of Court entered on April 24, 2024, (Docket no. 10).

On May 16, 2024, plaintiff filed its motion for default judgment, a supporting memorandum, a notice of hearing for June 7, 2024, and a *Roseboro* notice. (Docket nos. 14–17). Plaintiff mailed the motion for default judgment, the memorandum in support, the notice of hearing, and *Roseboro* notice to defendant at his Alexandria address. (*Id.*). On June 7, 2024, this motion was called in open court, and plaintiff's counsel appeared before the undersigned. Defendant appeared with a relative to assist in interpreting what was being said during the hearing. Based on defendant's appearance at the hearing and his stated desire to try and resolve the matter, the court continued the hearing on plaintiff's motion until June 28, 2024. The court wanted to give defendant an opportunity to discuss this matter with a tax assistance company ("20/20") he said he had retained previously or to obtain counsel. At the hearing on June 28, 2024, counsel for plaintiff and defendant appeared with a relative to assist in translation. Defendant reported that he was unable to obtain any substantive assistance from 20/20 and that he was unable to afford to retain counsel to represent him in this matter. He stated he had some preliminary discussions with plaintiff's counsel about resolving the matter, but no agreement had been reached. Plaintiff's counsel confirmed there had been some preliminary discussions, but no agreement had been reached. She requested that the court proceed to address the motion for default judgment and the parties could continue to discuss a potential resolution.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantage.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1340 because this matter arises under federal internal revenue laws. In this action, the United States is the plaintiff seeking a judgment on tax liability and civil penalty assessments, so this court also has subject matter jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402.

The complaint alleges that defendant resides in Fairfax County, Virginia. (Compl. ¶ 4). As defendant resides in this judicial district, he is subject to the court's personal jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this district. Venue is also proper pursuant to 28 U.S.C. § 1396 since the liability for the tax assessment accrued in this district and, as noted, defendant resides in this district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(e)(2), an individual within a judicial district of the United States may be served by the delivery of a copy of the summons and complaint to the individual personally, or by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who also resides there. On April 10, 2024, a return of service was filed indicating that a process server served defendant in person at his residential address on December 16, 2023. (Docket no. 4). Defendant stated during the hearing on June 7, 2024, that he had received the summons and complaint, albeit in English and he has difficulties reading English. Based on the foregoing, the undersigned recommends a finding that defendant was properly served with the summons and complaint and has notice of this action.

## Grounds for Entry of Default

On April 19, 2024, the District Judge entered an order instructing plaintiff to obtain a Clerk's entry of default against defendant immediately and to file thereafter a motion for default judgment, a memorandum in support, and a notice of hearing before the undersigned. (Docket no. 6). On April 22, 2024, plaintiff requested an entry of default as to defendant. (Docket no. 8). A copy of the request for default along with the declaration in support was mailed to defendant. (Docket no. 9). On April 24, 2024, the Clerk of Court entered default as to defendant for failure to plead or otherwise defend. (Docket no. 10).

4

On May 16, 2024, plaintiff filed and mailed defendant a copy of a motion for default judgment, a memorandum in support, a notice of hearing for June 7, 2024, and a *Roseboro* notice. (Docket nos. 14–17). In continuing the hearing on this motion for three weeks (from June 7 to June 28) defendant was given an opportunity to file a response contesting any of plaintiff's claims but he did not do so.

Accordingly, the undersigned recommends a finding that defendant was properly served, he has failed to file responsive pleadings in a timely manner, the Clerk of Court entered default as to defendant, and that defendant has notice of these proceedings.

## **Liability**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The following facts are established by the complaint. (Docket no. 1).

Count I of the complaint explains that a delegate of the Secretary of the Treasury of the United States assessed federal income tax against defendant for tax year 2008. (Compl. ¶ 6). Specifically, the following assessment was made:

| Tax Period Ending | Date of First Assessment | Amount of First Assessment | Total Balance as of October 30, 2023 |
|---|---|---|---|
| 12/31/2008 | 07/25/2011 | $218,885.00 | $567,585.70 |

(*Id.*). In accordance with 26 U.S.C. §§ 6303 and 6201(a), notices and demand for payment of this income tax assessment were sent to defendant, but defendant has failed or refused to pay the full amount due. (Compl. ¶¶ 7, 8). Because of defendant's failure to pay, statutory penalties and interest have accrued on the assessments. (Compl. ¶ 9). As of October 30, 2023, defendant owes the United States $567,585.70 in connection with the unpaid federal income tax and statutory

5

additions to tax for the 2008 tax year, plus statutory interest accruing after that date until paid. (Compl. ¶ 10).

## Assessment

Pursuant to 26 U.S.C. § 6501(a), the Internal Revenue Service ("IRS") must assess a tax within three years after the return is filed. The date of first assessment for the tax period ending December 31, 2008, was on July 25, 2011, within the three-year time period required.

## Collection

After a timely assessment is made, the IRS has ten years to collect the tax. 26 U.S.C. § 6502(a). Plaintiff filed its complaint in this action on December 7, 2023, more than ten years after the assessment. However, as detailed in plaintiff's memorandum in support of its motion for default judgment (Docket no. 15 at 3), when a taxpayer submits a Collection Due Process request ("CDP") in response to an IRS levy, the collection statute of limitations on the liability subject to the levy is tolled pursuant to 26 U.S.C. § 6331(e)(1). The tolling period begins on the date the IRS receives the CDP request and ends 90 days after the final determination of the CDP hearing. (Docket no. 15 at 3). The ten-year collection period is also suspended when collection is prohibited under 11 U.S.C. § 362(c) from the filing of a bankruptcy petition to the debtor's discharge plus six months. (*Id.*). Defendant submitted a CDP request on June 14, 2019, that was concluded on August 3, 2021. (*Id.*). Therefore, the statute of limitations was tolled for a total of 871 days (from June 14, 2019, through August 3, 2021, plus 90 days). *Id.* In addition, the statute of limitations in this case was tolled for an additional 308 days due to defendant's Chapter

6

7 bankruptcy case.[1] *Id.* at 4-5. Considering those two tolling periods totaling 1,179 days, the complaint was filed within the ten-year statute of limitations period.

### Measure of Damages

In its complaint, the United States requests judgment against defendant for his unpaid federal income tax assessment, plus statutory additions, and interest. (Compl. ¶ 10).

In support of its motion for default judgment, the United States submitted a declaration by IRS Supervisory Revenue Officer Jason Davis.[2] (Docket no. 14-2). According to Officer Davis, defendant owes the United States a total amount of $567,585.70, as of October 30, 2023, for his failure to pay income tax for the tax year 2008. (Docket no. 14-2 ¶ 9). As outlined in the declaration and accompanying exhibits, defendant failed to file a tax return for the tax year 2008 and he was assessed with federal tax after an automated substitute for return investigation. (Docket no. 14-2 ¶ 19). According to IRS records, defendant's taxable income for the 2008 tax year totaled $665,992.00. (*Id.* ¶ 20). The IRS determined that defendant owed $218,885.00 in taxes for the tax period ending December 31, 2008, and was subject to a failure to pre-pay penalty under IRC § 6654 and failure to file and failure to pay penalties under IRC 6651 (a)(1) and (2). (*Id.* ¶ 9). In addition, defendant was accessed interest on the unpaid amounts. (*Id.*).

The record before the court establishes that the Secretary of the Treasury has made an assessment against defendant in the amount of $567,585.70 as of October 30, 2023, for unpaid federal income tax for the tax year 2008, plus penalties and interest. This assessment is entitled

---

[1] Defendant filed a Chapter 11 bankruptcy petition on August 11, 2011, and was discharged on December 22, 2011. That period plus six months totals 308 days. (*Id.* at 4-5, Docket no. 14-11).

[2] The declarant indicated that "Jason Davis" is a pseudonym used to protect the declarant's identity while acting within the scope of employment with the IRS. (Docket no. 14-2, ¶ 2).

7

to a presumption of correctness which has not been rebutted in this case. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Having reviewed Officer Davis' declaration, the undersigned recommends a finding that the United States has established the amount of federal income tax owed by defendant for tax year 2008 plus penalties and interest, as totaling $567,585.70 as of October 30, 2023.

## Conclusion

For these reasons, the undersigned recommends that judgment be entered in favor of the United States against Felipe Ramirez in the amount of $567,585.70 for the federal income tax assessment relating to tax year 2008, plus statutory interest from October 30, 2023 until paid.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Felipe Ramirez, the parties are notified that objections to this proposed findings of fact and recommendations **must be filed within twenty one (21) days**[3] of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 2nd day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[3] The undersigned informed the parties at the hearing on June 28, 2024, that the normal 14-day time-period for filing objections would be enlarged to 21 days given defendant's *pro se* status.

8